UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
            v.                    :        CR No. 01-045L
                                  :
MICHAEL BOWE                      :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on July 30, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant released pending a sentencing hearing.  A sentencing hearing was held on October 30, 2008.  Based upon the following analysis and the admission of the Defendant, **I recommend that Defendant be sentenced to time served, followed by a term of supervised release for a period of five (5) years.  As special conditions, Defendant shall participate in and satisfactorily complete an inpatient and/or outpatient program of substance abuse treatment to include periodic testing (up to seventy-two drug tests per year), as approved by the U.S. Probation Office.**

**Background**

On July 29, 2008, the Probation Office petitioned the Court for the issuance of a warrant

for Defendant's arrest.  On July 29, 2008, the District Court reviewed the request and ordered

the issuance of a warrant.  Defendant appeared in Court on July 30, 2008 at which time

Defendant knowingly and voluntarily admitted to the following charge and waived his right to

a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On October 24, 2007, the defendant committed the offense of Frequenting a Narcotics Nuisance, a misdemeanor, as evidenced by his guilty plea and conviction on July 28, 2008 in Providence Superior Court under Case Number P2/08-0169A.  The defendant was sentenced to time served which amounted to just over nine months.

As Defendant has admitted this charge, I find he is in violation of the terms and

conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a

condition of supervised release, the court may extend the term of supervised release if less than

the maximum term was previously imposed.  In this case, the maximum term of supervised

release is life.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised

release and require the Defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor.  If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence.  In this case, Defendant was on supervision for Class B felony.  Therefore, he may not be required to serve more than three years' imprisonment upon revocation.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  In this case, the authorized statutory maximum term of supervised release is life.  Therefore, the Court may impose any term of imprisonment with up to a life term of supervised release.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C).  Subsection (b) states that where there is more than one

violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation. Therefore, the Court may continue or revoke supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no unsatisfied conditions of supervision.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation. Therefore, the Court may continue or revoke supervision. The applicable range of imprisonment on a revocation is three to nine months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The second provision applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was convicted in 2002 of dealing crack cocaine and received a seventy-month prison term to be followed by a five-year term of supervised release.  Defendant was released and commenced his supervised release term on February 6, 2007.

Upon release, Defendant was able to secure employment and maintained residence with his girlfriend and their children.  Defendant completed his community service obligations and drug testing was negative.  Unfortunately, Defendant strayed back to people and areas involved in the drug world.  On June 15, 2007, he was arrested and charged with possession of marijuana.  Defendant disclaimed ownership of the drugs or knowledge of their presence in his car.  He attributed ownership to a family member.   The charge was dismissed pursuant to a plea agreement requiring Defendant to complete twenty hours of community service.  This was reported to the Court but a violation case was not commenced given the disposition of the charge.

On October 24, 2007, Defendant was arrested in the Olneyville section of Providence and charged with making a street-level sale of cocaine in a parking lot.  He plead not guilty and was detained on the state charge.  Ultimately, on July 28, 2008, Defendant plead nolo to an amended misdemeanor charge of frequenting a narcotics nuisance (R.I. Gen. Laws § 21-28-4.06) and was sentenced to time served (approximately nine months).

Defendant admitted to a parallel violation charge in this Court on July 30, 2008.  His sentencing hearing was continued for three months to allow Defendant to recommence his supervision and to demonstrate to his Probation Officer his commitment to turning over a new leaf on supervision.  Since July 30, Defendant has been fully compliant and has obtained employment.  He has returned home with his girlfriend and children.

Defendant admitted to a Grade C violation.  The guideline range is three to nine months.  The Government recommended a sentence of time served on the federal detainer in this case (approximately two to three days) and to impose a new five-year term of supervised release.  Defendant concurred.  The rationale for the Government's recommendation is that the combination of the nine-month state sentence plus restarting Defendant's supervised release term is sufficient punishment for the behavior charged.  This Court agrees and so recommends.

However, Defendant is warned that any future violations (especially those suggesting a return to or connection with drug dealing) will result in more severe punishment.  Defendant has the potential to succeed on supervised release and has shown that ability over the past three months.  This Court recommends accepting the Government's sentencing recommendation and giving Defendant a second chance to "restart" his period of supervised release.  If this recommendation is accepted by the District Judge, Defendant would be wise not to waste this chance because it likely will not be presented in any future violation proceeding.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be sentenced to time served, followed by a term of supervised release for a**

**period of five (5) years.   As special conditions, Defendant shall participate in and satisfactorily complete an inpatient and/or outpatient program of substance abuse treatment to include periodic testing (up to seventy-two drug tests per year), as approved by the U.S. Probation Office.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 31, 2008